MAKAR, J.
Concurring.
Jerral Parris claims error in the trial court’s dismissal of his lawsuit against the defendant boat-repair company, whose lawyers successfully argued the concepts of res judicata and collateral estoppel to bar his ease. A main focus of this appeal is Parris’s contention that the company (and presumably its lawyers) “chose to dredge up these esoteric terms from a dead language to confound, stupefy, [and] isolate” him to deny him his day in court. He says the “use of Latin is a violation of [his] Constitutional Rights as a citizen of the United States of America” and that the legal profession embraces a culture of allowing attorneys to “extract a fee by chanting unknown terms from a dead language.” He claims that the use of these phrases prevented him from understanding the proceedings below and thereby violated due process.
As a general linguistic truth, the use of archaic Latin phrases does not facilitate understanding of the adjudicatory process and should be avoided. Examples of “needless Latinity” abound, such as “capa-citas rationalis” and “res gestae.” Bryan A. Garner, A Dictionary of Modem Legal Usage, 501-02 (“Latinisms”) (2d ed.1995). As Professor Garner states: “The rightful objects of our condemnation are the bombastic, vestigial Latinisms that serve no purpose but to give the writer a false sense of erudition. These terms convey no special legal meanings, no delicate nuances apprehended only by lawyers. They are pompous, turgid deadwood.” Id. at 501. He notes that more than ninety percent of our legal terminology is of Latin origin, id., so the outright condemnation of words and phrases of Latin origin sweeps with too broad a brush.
Many terms and phrases, despite their linguistic lineage[1] or perceived ostenta-tiousness, continue to have utility in the profession, even if they are poorly understood. Legal lingo, like the specialized vocabularies of other professions such as medicine, is imbued with phraseology that can obscure meaning and detract from comprehension even for those laboring *968 within the guild. As Professor Garner points out, collateral estoppel and res judi-cata “have long caused confusion among judges and advocates.” Garner, supra, at 169 (“collateral estoppel”).
To that extent only, Parris has a point (i.e., that res judicata and collateral estop-pel can be confusing). But his commentary on the state of legal language does not form a claim for relief. The assertion that lawyers (and presumably judges too) who speak in legalisms violate litigants’ constitutional rights is frivolous. Beyond that, the record shows that Parris is no stranger to legal proceedings and has exercised his rights to access courts as his own attorney in a manner that shows familiarity with legal process and terminology. Because he must pay attorneys’ fees under the applicable unfair and deceptive trade practices statute, section 59.46, Florida Statutes, the imposition of fees under section 57.105, Florida Statutes, becomes unnecessary.

. Res judicata (originally res adjudicata) is of Latin origin, Black’s Law Dictionary 1336 (8th ed.2004); collateral estoppel seems a bit of a mixed breed, apparently a fusion of Middle English, Medieval Latin and Old French. 3 The Oxford English Dictionary 473 (2d ed.1989); 5 The Oxford English Dictionary 411 (2d ed.1989).